**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES J. DEELEY,**

                               **Plaintiff,**

                      v.                                    6:08-CV-448
                                                                           (FJS)

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                               **Defendant.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**LAW OFFICE OF**                     **PETER W. ANTONOWICZ, ESQ.**
**PETER W. ANTONOWICZ**
1300 Floyd Avenue
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **MICHELLE L. CHRIST, ESQ.**
**OFFICE OF REGIONAL**                  **KIMBERLY L. SCHIRO, ESQ.**
**GENERAL COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff James J. Deeley brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). *See* Dkt. No. 1.

Currently before this Court are Plaintiff's and Defendant's cross-motions for judgment on the pleadings or, in the alternative, for summary judgment. *See generally* Dkt. Nos. 13, 17.

**II. BACKGROUND**

Plaintiff, then sixty-two, filed an application for DIB on June 8, 2005. *See* Administrative Record ("AR") at 45. In his disability report, Plaintiff cited a back disorder, arthritis, and breathing difficulties as his disabling conditions. *See id.* at 59. The Social Security Administration denied his application on August 24, 2005. *See id.* at 22. Plaintiff filed a timely request for a hearing on September 6, 2005, which was held before Administrative Law Judge ("ALJ") J. Michael Brounoff, in Utica, New York, on April 3, 2007. *See id.* at 26, 225. Attorney Peter Antonowicz represented Plaintiff, who appeared and testified. *See id.* at 225, 229.

ALJ Brounoff considered the case *de novo* and issued a written decision denying Plaintiff's application on August 31, 2007. *See* AR at 12-19. In his decision, ALJ Brounoff stated that he carefully considered the evidence in the record and made the following findings:

> 1) Plaintiff meets the insured status requirements of the Act through March 31, 2007.
>
> 2) Plaintiff has not engaged in substantial gainful activity ("SGA")

> since January 18, 2002, the alleged onset date.
>
> 3) The medical evidence does not establish any medically determinable impairment prior to December 9, 2004, as there is no medical evidence prior to that date.
>
> 4) Beginning December 9, 2004, Plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD"), degenerative arthritis of the left knee and degenerative disc disease of the lumbar and cervical spine.
>
> 5) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").
>
> 6) Plaintiff has the residual functional capacity ("RFC") to lift or carry twenty pounds occasionally, to stand three hours in an eight-hour workday, walk three hours in an eight-hour workday, sit without limitation, push and pull twenty pounds occasionally and occasionally climb. Plaintiff must avoid exposure to dust, fumes, and odors.
>
> 7) Plaintiff is capable of performing his past relevant work as a truck driver. This work does not require the performance of work related activities that Plaintiff's RFC precludes.
>
> 8) Plaintiff has not been under a disability, as defined by the Act, from January 18, 2002, through the date last insured of March 31, 2007.

*See id*. at 14-18.

The ALJ's decision became the Commissioner's final decision on March 28, 2008, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 5-7.

Plaintiff commenced this action on April 23, 2008, *see* Dkt. No. 1, and filed a supporting brief on November 26, 2008, *see* Dkt. No. 13. Defendant filed a response brief on February 11, 2009. *See* Dkt. No. 17.

## III. DISCUSSION

### A. Standard of Review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "more than a mere scintilla" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

To be eligible for DIB, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in SGA by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id.*
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his residual

>   functional capacity, age, education, and experience. *See* 20 C.F.R.
>   § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R.
>   § 416.920(g). A claimant is only entitled to receive disability benefits
>   if he cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater* 142 F.3d 75, 80 (2d Cir. 1998).

In the instant case, Plaintiff takes issue with the ALJ's RFC determination. Specifically, Plaintiff asserts that the ALJ gave too little weight to Job Ready Inc.'s report, which opined that Plaintiff could only perform sedentary-light work and too much weight to Plaintiff's own statements that indicated his ability to continue his previous work. *See* Dkt. No. 13 at 6-8. The Court will discuss each of these issues in turn.

**B.      The ALJ's step four RFC determination**

*1. Plaintiff's RFC*

The ALJ alone is responsible for determining a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). When assessing a claimant's RFC, the ALJ must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis[.]" SSR 96-8p, *1. These functions are "[s]itting, standing, walking, lifting, carrying, pushing, and pulling." *Id*. at *5. Moreover, the ALJ "must discuss the [claimant's] ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform . . . . " *Id*. at *7 (internal footnote omitted).

Here, the ALJ did not err in determining Plaintiff's RFC.  The ALJ evaluated Plaintiff on a function-by-function basis and phrased Plaintiff's capabilities in terms of an ordinary work setting. *See* AR at 15.  The ALJ determined that Plaintiff had the RFC to lift or carry twenty pounds occasionally, to stand three hours in an eight-hour workday, to walk three hours in an eight-hour workday, to sit without limitation, to push and pull twenty pounds occasionally and occasionally climb.  *See id*.  This RFC determination complied with SSR 96-8p.

Finally, the ALJ considered all medical evidence in the record: the opinions of Gloria Lewin, Dr. Shayevitz, Job Ready, Inc., and the state disability analyst.  *See* AR at 15-16.  As the next section of this Memorandum-Decision and Order explains, the weight the ALJ assigned to each of these opinions was appropriate in light of the regulations, and this weighting informed the ALJ's RFC determination.  Consequently, significant medical evidence in the record supports the ALJ's RFC determination.

Accordingly, the Court finds that ALJ Brounoff did not err when he determined Plaintiff's RFC.

### *2. Weight assigned to medical evidence*

The ALJ must give controlling weight to the opinion of a treating physician where it is "'supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.'"  *Audi v. Astrue*, No. 07-CV-1220, 2009 WL 3199481, *13 (N.D.N.Y. Sept. 30, 2009) (quoting *Anderson v. Astrue*, 2009 WL 2824584, at *9 (E.D.N.Y. Aug. 28, 2009)); *see also* 20 C.F.R. § 404.1527(d)(2).

If the ALJ does not give controlling weight to a treating physician's medical opinion, the

weight he accords that opinion depends on several considerations. *See Audi*, 2009 WL 3199481, at *13; *see also* 20 C.F.R. § 404.1527(d)(2). These considerations are "'"(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."'" *Id*. (quoting *Anderson v. Astrue*, 2009 WL 2824584, at *9 (E.D.N.Y. Aug. 28, 2009) (quoting *Clark v. Comm'r of Social Security*, 143 F.3d 115, 118 (2d Cir. 1998))); *see also* 20 C.F.R. § 404.1527(d)(2).

The ALJ errs where he "does not make clear in his decision the relative weight he attributes to the reports of the treating and consulting physicians[.]" *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 439 (S.D.N.Y. 2003). Courts have found that, where the ALJ does not clearly assign weight to the medical opinions in the record, "the ALJ's determination does not comport with the applicable regulations and related standards." *Id*. The ALJ, however, need not explicitly weigh every piece of evidence in the record. *See Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (holding that, where the ALJ discusses a piece of evidence in a manner which indicates that he is aware of the evidence, it is reasonable to infer that he considered that evidence in forming his conclusions regarding the plaintiff's ability to work).

In this case, the ALJ did not err in his weight assessment. First, Plaintiff did not present records from a treating physician, so no opinion was eligible to receive controlling weight. The ALJ assigned weight to the opinions that Plaintiff did present according to the criteria of 20 C.F.R. § 404.1527(d)(2). The ALJ gave very little weight to Gloria Lewin's[1] and the state disability

---

[1] Gloria Lewin is a vocational rehabilitation counselor with the Veteran's Administration, and, therefore, is not an acceptable medical source under the regulations. She examined Plaintiff
(continued...)

analyst's opinions; this was not an error because neither is an acceptable medical source under the regulations. *See* AR at 16; 20 C.F.R. § 404.1513(a).

It was also not an error for the ALJ to accord Dr. Shayevitz's[2] opinion less weight than Plaintiff's statements that contradicted that opinion. *See* AR at 16. Plaintiff offered his contradictory statements to Gloria Lewin when she examined him, telling her that he was not interested in working or retraining to a light-duty career field, but only in obtaining Social Security benefits. *See id*. at 116-17. Plaintiff also told Ms. Lewin that he was a dedicated employee who never missed work and that he could still perform carpentry, plumbing, and electrical work, but that his preference was to obtain Social Security benefits. *See id*. at 118. Plaintiff further stated his beliefs that he could perform the work of a truck driver and that he could pass the Department of Transportation physical. *See id*. at 119. Consistency with the record as a whole is one of the 20 C.F.R. § 404.1527(d)(2) considerations for weight assignment. Since the ALJ found Dr. Shayevitz's opinion to be inconsistent with Plaintiff's statements to Ms. Lewin, it was permissible for him to accord Dr. Shayevitz's opinion less weight.

In addition, since the ALJ need not explicitly assign weight to every piece of evidence in the record, he did not err when he did not assign weight to Job Ready, Inc.'s report. The ALJ described the report in his decision, so he was obviously aware of it. *See* AR at 16. Under the ruling in *Monguer*, it is therefore reasonable to infer that the ALJ considered the report when he formulated

---

[1](...continued)
on May 13, 2005. *See* AR at 114. She indicated that Plaintiff was capable of performing sedentary to light-duty work. *See id*. at 117.

[2] Dr. Shayevitz is a consultative examiner, who saw Plaintiff on June 28, 2005. *See* AR at 95. He diagnosed Plaintiff with chronic obstructive pulmonary disease, a bruit in the left femoral artery, and degenerative arthritis of the left knee and cervical spine. *See* AR at 99.

Plaintiff's RFC. *See Monguer*, 722 F.2d at 1040. Moreover, since Job Ready, Inc.'s report was not the opinion of a treating or consulting physician, the ALJ was not required to clearly weigh its credibility under *Rosado*.

Accordingly, the Court finds that ALJ Brounoff did not err in his apportionment of weight to the various pieces of medical evidence in the record.

### *3. Plaintiff's statements of pain*

A claimant's statements about his condition, on their own, are not enough to establish disability. *See* 20 C.F.R. § 404.1529; *see also* SSR 96-7p, *1, SSR 96-4p, *2. The ALJ must consider a claimant's observable signs and laboratory findings, as well as reported symptoms. *See* C.F.R. § 404.1529. A claimant's subjective complaints of pain and limitation are "'entitled to great weight where . . . [they are] supported by objective medical evidence.'" *Futia v. Astrue*, No. 1:06-CV-0961, 2009 WL 425657, *6 (N.D.N.Y. Feb. 19, 2009) (quoting *Simmons v. U.S.R.R. Retirement Bd.*, 982 F.2d 49, 56 (2d Cir. 1992)). However, if the objective medical evidence does not support a claimant's complaints, "[t]he Secretary is entitled to rely not only on what the record says, but also on what it does not say." *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (citation omitted).

Where the clinical evidence does not fully support a claimant's testimony, the ALJ employs a two-step process to evaluate the claimant's reported symptoms. *See* SSR 96-7p, at *2. First, the ALJ determines if the claimant has medically determinable impairments that could produce the alleged symptoms. *See* C.F.R. § 404.1529(a); *see also* SSR 96-7p, at *2. Second, if impairments do exist, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms to

determine the extent to which the symptoms limit the claimant's ability to work. *See* 20 C.F.R. § 404.1529(a); *see also* SSR 96-7p, at *2. In so doing, the ALJ considers (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (v) other treatment the claimant receives or has received to relieve his pain or other symptoms; (vi) any measures that the claimant takes or has taken to relieve his pain or other symptoms; and (vii) any other factors concerning claimant's functional limitations and restrictions due to his pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3)(i)-(vii); SSR 96-7p, at *2.

An ALJ must discuss the relationship between the plaintiff's medically determinable impairment, the plaintiff's reported symptoms, his conclusions regarding the plaintiff's functioning, and why the plaintiff's reported symptoms are or are not consistent with the evidence in the record. *See* SSR 95-5p, *1. Consequently, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision," and the ALJ's decision "must be sufficiently specific to make clear . . . the weight the [ALJ] gave to the individual's statements and the reasons for that weight." SSR 96-7p, at *4.

Where an ALJ assesses a plaintiff's subjective statements of pain in light of medical evidence that indicates that the plaintiff can work and finds that the plaintiff's statements cannot overcome the medical evidence to the contrary, "there is no need for further articulation by the ALJ regarding the plaintiff's credibility." *Francis v. Astrue*, No. 3:09-CV-1826, 2010 WL 3432839, *4 (D. Conn. Aug. 30, 2010).

In the instant case, the ALJ did not err in his consideration of Plaintiff's complaints of pain.

-10-

Following 20 C.F.R. § 1529(a), the ALJ first established that Plaintiff had a medically determinable impairment capable of producing the alleged symptoms. *See* AR at 18. Pursuant to 20 C.F.R. § 416.929, he then balanced the intensity of Plaintiff's reported symptoms against Plaintiff's daily activities, Plaintiff's treatment, and Plaintiff's attempts to mitigate his symptoms. *See id*. at 14-18. As part of this balancing, the ALJ noted Plaintiff's minimal treatment and medication regimen and a lack of supporting medical evidence and, therefore, reasoned that Plaintiff's statements of limitation were not sufficient to overcome the medical evidence indicating his ability to return to his past work. *See id*. at 17-18. Specifically, the ALJ noted that Plaintiff's daily activities included self-care, washing dishes, driving, shopping, and vacuuming. *See id*. at 18. Also, the ALJ found that Plaintiff put forth a less than satisfactory effort on his pulmonary tests, did not undergo any pulmonary treatment, and continued to smoke. *See id*. at 17. Additionally, the ALJ found it compelling that, on May 25, 2005, Plaintiff stated that his pain level was a two or three out of ten. *See id*. at 17-18. These findings contradicted Plaintiff's assertion that his back disorder, arthritis, and breathing problems were severe enough to prevent him from working. *See id*. at 59. Under *Francis*, the ALJ did not need to articulate the reasons for his credibility determination any further. The ALJ, therefore, followed the correct procedure to determine Plaintiff's credibility, and his reasoning was both grounded in the evidence and fully articulated in his decision. Accordingly, the Court finds that the ALJ did not err in his determination of Plaintiff's credibility.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: February 3, 2011
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge